UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
ANTHONY GRIFFIN,

               Plaintiff,

-against-

THE CITY OF NEW YORK, NYC POLICE OFFICER
LAHMAR U. SANDERS, NYC POLICE OFFICER
CHRISTOPHER MASTOROS and NYC POLICE
OFFICER SGT ERIC CAMPBELL,

               Defendants.
------------------------------------x

**CV11-3134**

**VERIFIED COMPLAINT**

MATSUMOTO, J.

LEVY M.J.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 03 2011 ★
BROOKLYN OFFICE

     Plaintiff herein, by his attorneys, Ross and Hill, complaining of the above-named defendants, alleges the following upon information and belief.

     1. That plaintiff was and still is a resident of Kings County, City and State of New York.

     2. That plaintiff is a citizen of the United States of America and is entitled to the full protection of the laws and the Constitution of the United States of America.

     3. Defendant The City of New York, is a municipal corporation duly incorporated and existing under and by virtue of the laws of the State of New York.

     4. The Police Department of The City of New York is an agency acting on behalf of The City of New York and engaged by The City of New York to perform police duties and to protect the health, welfare, property and safety of the residents of The City of New York.

     5. That at all times herein mentioned defendant The City of New York, its agents, servants and employees operated,

maintained and controlled the Police Department including all the police officers thereof.

6. At all times herein mentioned, defendant Lahmar U. Sanders was a New York City Police officer, employed by defendant The City of New York.

7. At all times herein mentioned, defendant Lahmar U. Sanders was acting within the scope of his employment as a New York City Police officer.

8. That at all times herein mentioned, defendant Christopher Mastoros was a New York City Police officer, employed by defendant The City of New York.

9. At all times herein mentioned, defendant Christopher Mastoros was acting within the scope of his employment as a New York City Police officer.

10. At all times herein mentioned, defendant Sgt. Eric Campbell was a New York City Police officer, employed by The City of New York.

11. That at all times herein mentioned defendant Sgt. Eric Campbell was acting within the scope of his employment as a New York City Police officer.

12. This action arises under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1981, 1983 and 1988.

13. This Court has jurisdiction under the provisions of Title 8 of the United States Code, Sections 1331 and 1338.

14. On October 22, 2010 plaintiff's Notice of Claim against The City of New York was made and served upon The City of

New York, said service having occurred within ninety days of the date of the occurrence.

15. More than thirty days have elapsed since service of the Notice of Claim and The City of New York has failed and refused to adjust or settle said claim

16. This action is being brought within one year and ninety days of the occurrence.

### AS AND FOR A FIRST CAUSE OF ACTION

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 16 of this complaint with the same force and effect as though fully set forth herein at length.

18. On September 16, 2009 at approximately 5:30 PM while plaintiff was a lawful passenger on a B43 Bus which was stopped at the corner of St. John's Place and Brooklyn Avenue, Brooklyn, Kings County, City and State of New York, he was arrested by New York City Police officers employed by defendant The City of New York, including defendants Mostoros and Campbell.

19. On September 16, 2009 at approximately 5:30 PM, upon information and belief, New York City Police Officer Sgt. Eric Campbell was involved in the arrest of plaintiff and/or signed the complaint report as the "supervisor on scene" pursuant to which plaintiff was imprisoned, arraigned and indicted.

20. All the aforenamed New York City Police officers were assigned to the 77th Precinct.

21. The arrest of plaintiff was without reasonable or just cause.

22. The arrest of plaintiff constituted a false arrest of plaintiff

23. After confronting plaintiff on the aforedescribed bus, the arresting officers threw plaintiff onto the ground and then handcuffed him. Subsequently, plaintiff was taken to the 77th Precinct, processed and placed in a cell.

24. Officers Mastoros and Campbell then made false statements on a complaint report and an arrest report, including the false statement that plaintiff had been in possession of a firearm.

25. On September 17, 2009 Officer Sanders signed an affidavit falsely stating that plaintiff had been in possession of a firearm.

26. Based on the false statements of the above officers, plaintiff was arraigned and a bail amount was set by the presiding judge. Due to the fact that plaintiff was unable to post bail, he remained in prison until early December 2009.

27. Based on the false statements of the above officers, plaintiff was caused to appear in court on several occasions. Finally on August 30, 2010 the criminal case against plaintiff was dismissed on the motion of the District Attorney of Kings County.

28. Upon information and belief, the above officers and other officers in the 77th Precinct, whose identities are not presently known to plaintiff, conspired to falsely arrest the plaintiff.

29. Upon information and belief, the above officers, and other officers in the 77th Precinct, whose identities are not

presently known to plaintiff falsely arrested and conspired to falsely arrest other individuals prior to and subsequent to arresting plaintiff.

30. Upon information and belief, false arrests emanating from the 77th Precinct were condoned by other officers in that precinct, as well as officers in charge of the Precinct, and other police officials, and were part of an ongoing custom and practice perpetrated by these officers and officials in the 77th Precinct and condoned by other police officials.

31. The false arrest, imprisonment and criminal prosecution of plaintiff constituted a violation of plaintiff's civil rights under 42 USC, Sections 1981 and 1983.

32. The conduct of the officers involved, and of other officers and officials involved in and with knowledge of the unconstitutional actions of the officers, violated the rights of plaintiff: to be secure in his person; to be free of unreasonable searches and seizure; not to be deprived of life, liberty or property without due process of law; not to be subjected to cruel and unusual punishment; to be informed of the nature and cause of the accusation against him; the right to equal protection.

33. The conduct of defendants in depriving plaintiff of his civil rights was wanton, cruel, careless and reckless and evinced a depraved disregard for plaintiff and for plaintiff's rights.

34. As a result of the foregoing violation of plaintiff's civil rights, plaintiff sustained severe personal

injuries.

35. As a result of the foregoing, plaintiff has been damaged in the amount of Five Million ($5,000,000.00) Dollars in compensatory damages and One Million ($1,000,000.00) Dollars in exemplary damages, and is entitled to an award of attorneys' fees pursuant to 42 USC 1988.

## AS AND FOR A SECOND CAUSE OF ACTION

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 16 and 18 through 35 of this complaint with the same force and effect as though set forth herein at length.

37. Subsequent to the arrest of plaintiff, he was maliciously prosecuted by the above named police officers and other employees of defendant The City of New York and the New York Police Department.

38. Plaintiff was arraigned and indicted as a result of the false statements made by defendants Sanders, Mostoros, Campbell and other police officers employed by defendant The City of New York.

39. The unlawful arraignment, indictment and prosecution of plaintiff was wanton, cruel, careless, malicious and reckless and evinced a depraved disregard for plaintiff and for plaintiff's rights.

40. As a result of the aforesaid malicious prosecution, plaintiff sustained severe personal injuries.

41. As a result of the foregoing, plaintiff has been damaged in the amount of Five Million ($5,000,000.00) Dollars in

compensatory damages and One Million ($1,000,000.00) Dollars in punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 16, 18 through 35 and 37 through 41 with the same force and effect as though fully set forth herein at length.

43. The false arrest, false detention and imprisonment of plaintiff, and filing of false criminal charges against plaintiff, was an intentional act in furtherance of a conspiracy or scheme to arrest innocent Afro-Americans in general and plaintiff in particular, in which said conspiracy or scheme the named defendant police officers, and other police officers employed by defendant the City of New York, participated.

44. The actions of the named officers as aforesaid, and other officers and officials in the 77th Precinct, and the New York City Police Department, were part of a systematic custom and practice of the officers in falsely arresting and imprisoning and prosecuting Afro-Americans.

45. The conduct of named defendant police officers and other employees of defendant The City of New York was intentional, wanton, cruel, careless and reckless and evinced a depraved disregard of plaintiff and of plaintiff's rights and entitlements under law and under the Constitution of the United States of America.

46. As a result of the foregoing, plaintiff sustained severe personal injuries.

47. As a result of the foregoing, plaintiff has been damaged in the amount of $5,000,000.00) Dollars in compensatory damages and in the amount of One Million ($1,000,000.00) Dollars in punitive damages.

WHEREFORE, plaintiff demands judgment against defendants: on the first cause of action compensatory damages in the sum of $5,000,000.00, $1,000,000.00 in exemplary damages and an amount to be determined by the Court for attorneys' fees; on the second cause of action compensatory damages in the sum of $5,000,000.00 and $1,000,000.00 in punitive damages; and on the third cause of action compensatory damages in the sum of $5,000,000.00 and $1,000,000.00 in punitive damages; together with interest, costs and disbursements of this action.

---
James Ross, Esq. of
ROSS AND HILL
16 Court Street
35th Floor
Brooklyn, New York 11241
718-855-2324
Attorneys for Plaintiff

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
ANTHONY GRIFFIN,

                    Plaintiff,
                                        Case No. _____
         -against-

THE CITY OF NEW YORK, NYC POLICE        **JURY DEMAND**
OFFICER LAHMAR U. SANDERS, NYC
POLICE OFFICER CHRISTOPHER
MASTOROS and NYC POLICE OFFICER
SGT ERIC CAMPBELL,

                    Defendants.
----------------------------------x
```

S I R S :

PLEASE TAKE NOTICE that the undersigned demands a trial by a jury composed of six (6) persons in the above-entitled action.

Dated: Brooklyn, New York
       August     2011

                                    _____
                                    James Ross, Esq.    (0546)
                                    ROSS AND HILL
                                    Attorneys for Plaintiff
                                    16 Court Street
                                    35th Floor
                                    Brooklyn   NY    11241
                                    718-855-2324

TO:
Corporation Counsel of
THE CITY OF NEW YORK
100 Church Street
New York City 10007